EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re, Enmienda a la Regla 2(A) del Reglamento de la Comisión de Reputación para el Ejercicio de la Abogacía | 2006 TSPR 35<br><br>166 DPR ____ |
| --- | --- |

Número del Caso: EJ-2006-2

Fecha: 7 de marzo de 2006

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO
JUNTA EXAMINADORA DE ASPIRANTES AL EJERCICIO
DE LA ABOGACÍA Y LA NOTARÍA

In re,

Enmienda a la Regla 2(A) del
Reglamento de la Comisión de
Reputación para el Ejercicio
de la Abogacía

**RESOLUCIÓN**

San Juan, Puerto Rico a 7 de marzo de 2006.

Al amparo del poder inherente de este Tribunal para regular la admisión y el ejercicio de la práctica de la abogacía y la notaría, y conforme a lo dispuesto en la Regla 6 del Reglamento de la Comisión de Reputación para el Ejercicio de la Abogacía, aprobado el 30 de junio de 1998, se enmienda la Regla 2(A) del citado reglamento, para que exprese lo siguiente:

**Regla 2 – Procedimientos**

**(A)   Expediente ante la Comisión**

(1)   Luego de cada examen de reválida, la Directora Ejecutiva o el Director Ejecutivo de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía remitirá a la Comisión, respecto a cada aspirante que hubiese aprobado dicho examen, copia de los siguientes documentos:

   (a)   los que se mencionan en la Regla 6 del Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría, del mes de junio de 1998.

En lo referente a la entrega del certificado de antecedentes penales por aquellos aspirantes que hayan residido por más de seis (6) meses consecutivos durante los diez (10) años anteriores a la fecha de examen al cual solicitó admisión, la Comisión de Reputación podrá aceptar como sustitución del certificado de antecedentes penales una declaración jurada aseverando que no se ha cometido delito o falta en una jurisdicción foránea y reconociendo que de ser falsa tal aseveración hay consecuencias disciplinarias en los siguientes casos:

(a) aspirante somete evidencia inequívoca de que en la jurisdicción foránea no puede tramitarse la petición del documento por que no existe un trámite igual o similar o por razones de índole política que entorpecen su obtención.

(b) aspirante demuestra que ha sido diligente en solicitar el documento pero las autoridades foráneas no quieren o no pueden indicar una fecha cierta de entrega o envío del documento.

En relación con los hechos expuestos en el inciso (a), la Comisión (en ausencia de información de naturaleza negativa en el expediente) procederá a recomendar <u>una admisión plena</u>.

En relación con los hechos expuestos en el inciso (b) la Comisión (en ausencia de información de naturaleza negativa en el expediente) procederá a recomendar una <u>admisión condicionada</u> según dispone la Regla 2, inciso (d), número 2, del Reglamento de la Comisión de Reputación.

(b) cualquier información o documento sometido por el aspirante o la aspirante como parte de su solicitud de reválida pertinente a la evaluación que habrá de hacer la Comisión;

(c) cualquier otra información o documento que a juicio de la Junta pueda ayudar a la Comisión con su encomienda.

Esta enmienda entrará en vigor inmediatamente.

Publíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rebollo López no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo